UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL GORDON,                         )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Case No. 4:25-cv-01012-SRC
                                        )
JODY GLORE, et al.,                     )
                                        )
        Defendants.                     )
                                        )

**Memorandum and Order**

Michael Gordon, an inmate at the Potosi Correctional Center, filed this civil rights action

to allege unconstitutional conditions of confinement.  He names 23 defendants and asserts

multiple claims that appear unrelated.  For the reasons discussed below, the Court orders Gordon

to file an amended complaint.

I.      **Background**

Gordon's Complaint consists of two documents:  a 10-page complaint prepared on a

Court-provided form, doc. 1, and a 14-page handwritten document titled "Prisoner Civil Rights

Complaint Under 42 U.S.C. § 1983," doc. 1-1.  Between the two documents, Gordon names the

following 23 defendants:  Jody Glore, Carl Miller, Unknown Wells, Unknown Thompson,

Unknown Hawkins, Unknown Tanton, Kenneth Paine, John Doe Female, Dominick Mealer,

Unknown Rayl, John Doe Male, Unknown Freeman, Unknown Parmiey, Unknown Weibie,

Unknown Hoffman/Sancegraw, Unknown Borton, Unknown Waiters, Tristan Boyer, Chad

Lawson, Earl Dye, Unknown Mezo, John Doe, and Centurion.  *See* doc. 1-1 at 2.

In his Complaint, Gordon alleges that on June 15, 2023, Miller supervised certain

unnamed correctional staff when they "assaulted, abused, and mentally tortured" him.  Doc. 1 at

3.  Gordon claims that Miller failed to intervene and stated that he would make it "hard" for Gordon because Gordon reports correctional officers and staff.  *Id.* at 3–4.  Gordon also appears to claim that Miller kept him in administrative segregation without due process on November 16, 2023, December 12, 2023, and January 24, 2024.  *Id.* at 4.

In the handwritten document, Gordon states that Glore has retaliated against him "since January of 2022."  Doc. 1-1 at 3.  Next, Gordon claims that on June 25, 2023, Wells, Thompson, Hawkins, Tanton, and perhaps others sprayed mace into Gordon's cell, entered the cell, stripped Gordon nude, handcuffed him to a metal box, and left him there for over 10 hours.  Doc. 1-1 at 5–12.  Finally, Gordon alleges that on September 29, 2023, Paine directed Unknown Mealer and John Doe to leave him in an "icy cold shower for over one hour naked" and to restrain him while Paine closed a heavy door against him.  Doc. 1-1 at 13.  In both documents, Gordon seeks monetary relief.  Doc. 1 at 5; *see, e.g.*, doc. 1-1 at 4.  Gordon does not allege wrongdoing on the part of Rayl, Freeman, Parmiey, Weibie, Hoffman/Sancegraw, Borton, Waiters, Boyer, Lawson, Dye, Mezo, Centurion, or the remaining Doe Defendants.  *See* doc. 1; doc. 1-1.

II.     **Order to amend**

A plaintiff may join as many *claims* in one action as he has against a single defendant. Fed. R. Civ. P. 18(a) (emphasis added).  But a plaintiff may join multiple *defendants* in one action only if he asserts a right to relief against them that arises from the same transaction or occurrence (or series of transactions or occurrences), and the claims present common questions of law or fact.  Fed. R. Civ. P. 20(a)(2) (emphasis added).  In short, Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

Here, however, some of Gordon's claims as alleged may belong in separate suits. Gordon's claim that Miller failed to intervene during a June 15, 2023 assault, and retaliated against him, doc. 1 at 3, does not appear reasonably related to his claim that Wells, Thompson, Hawkins, Tanton, and perhaps others, sprayed mace into his cell and left him handcuffed to a metal box for over 10 hours on June 25, 2023, *id.* at 5–12.  And neither of those claims appear reasonably related to Gordon's claim that Paine directed Mealer and John Doe to leave him in an "icy cold shower for over one hour naked" and to restrain him while Paine closed a heavy door on him on September 29, 2023.  *Id.* at 13.  In short, these incidents do not appear to arise from a single transaction or occurrence.

Rather than drop parties or sever claims on its own at this time, *see* Fed. R. Civ. P. 21, the Court will give Gordon a chance to file an amended complaint.  The amended complaint will replace the original.  *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).   Gordon must type or neatly print the amended complaint on a Court-provided form.  *See* E.D.Mo. L.R. 2.06(A).  He should begin by writing the defendant's name, and in separate, numbered paragraphs under that name, write a short and plain statement of the facts that support his claim against that defendant.  Each paragraph should be "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Gordon must focus on the facts that support his claims, and should avoid including unnecessary details.  For each defendant he names, Gordon must allege facts that explain what that defendant did or failed to do to cause harm.  *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985).  If Gordon names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If Gordon names more than one defendant, he may only include claims that arise from the

same transaction or occurrence.  *See* Fed. R. Civ. P. 20(a)(2).  Gordon may file a separate civil action to assert any unrelated claims.

## III.    Conclusion

Accordingly, the Court orders Gordon to file, no later than May 4, 2026, an amended complaint on the Court-provided form.  The Court directs the Clerk of Court to mail Gordon a copy of the Court's standard prisoner civil rights complaint form.

So ordered this 20th day of March 2026.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

4